UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE
LAUNDRY, DRY CLEANING WORKERS AND ALLIED
INDUSTRIES HEALTH FUND, UNITE HERE! and
TRUSTEES OF THE
LAUNDRY, DRY CLEANING WORKERS AND ALLIED
INDUSTRIES RETIREMENT FUND, UNITE HERE!,
Plaintiffs,

against

B&M LINEN CORP. D/B/A MIRON & SONS LINEN SUPPLY
A/K/A MIRON & SONS LINEN, INC.,
Defendant.

**COMPLAINT**

07 CV 6999

---

Plaintiffs, by their attorney Mark Schwartz, Esq., complaining of Defendant, respectfully allege as follows:

### NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

### VENUE

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2); and 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Plaintiff Trustees of the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Health Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

5. Plaintiff Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! ("Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA 29 U.S.C. § 1002(2). Plaintiff Trustees of the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Retirement Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

6. Upon information and belief, B&M Linen Corp. D/B/A Miron & Sons Linen Supply A/K/A Miron & Sons Linen, Inc. is a New York corporation having or having had its principal place of business at 310 Walton Avenue, Bronx, New York 10451.

7. Laundry, Dry Cleaning and Allied Workers Joint Board-UNITE HERE ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements covering all relevant

periods herein. Pursuant to said collective bargaining agreements, contributions to Plaintiff Funds were and are due to be paid monthly by Defendant.

8. In or about 2005, as permitted by the collective bargaining agreement between the Union and Defendant, the Funds performed an audit of the books and records of Defendant which revealed an audit deficiency of contributions totaling $79,049.96 due to the Funds for the period of March 21, 2003 through and including March 19, 2004. By letter dated July 25, 2005, the Funds advised Defendant of its liability for the delinquent contributions disclosed by the audit, and demanded payment thereof. To date, Defendant has failed and refused to remit the delinquent contributions demanded in the July 25, 2005 audit deficiency notice.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE FUNDS AGAINST DEFENDANT

9. Plaintiff Trustees of the Health Fund and Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10. Contributions to the Funds from Defendant for the period of March 21, 2003 through and including March 19, 2004 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Funds in the sum of $79,049.96 for the period stated.

11. No prior application has been made for the relief requested herein.

### AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE FUNDS AGAINST DEFENDANT

12. Plaintiff Trustees of the Health Fund and Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs

"1" through "11" of this Complaint with the same force and effect as if set forth at length herein.

13. Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Funds in accordance with the terms and conditions of such Funds and the collective bargaining agreement between Defendant and the Union unless restrained by the Court.

14. No prior application for the relief requested herein.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! the sum of $79,049.96;

b. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Funds, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i);

c. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! liquidated damages, to be computed at a rate as prescribed by the Funds, pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii);

d. Directing Defendant to pay to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! and the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! the reasonable attorneys' fees and

costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D);

e. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the Funds, and ordering Defendant to make such contributions in accordance with the terms and conditions of the Funds' rules and regulations and the collective bargaining agreement between Defendant and the Union.

f. Granting such other legal and equitable relief as the Court deems appropriate.

Dated: August 2, 2007
       New York, New York

                              TRUSTEES OF THE
                  LAUNDRY, DRY CLEANING WORKERS AND ALLIED
                     INDUSTRIES HEALTH FUND, UNITE HERE! and
                              TRUSTEES OF THE
                  LAUNDRY, DRY CLEANING WORKERS AND ALLIED
                    INDUSTRIES RETIREMENT FUND, UNITE HERE!

By: /s/ Mark Schwartz
    Mark Schwartz, Esq. – MS 0148
    Attorney for Plaintiffs
    730 Broadway, 10th Floor
    New York, New York 10003-9511
    (212) 539-5275