PRYOR CASHMAN LLP
Joshua Zuckerberg (JZ-9466)
410 Park Avenue, 10th Floor
New York, New York 10022-4441
Tel: 212-421-4100
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE LAUNDRY, DRY CLEANING WORKERS AND ALLIED INDUSTRIES HEALTH FUND, UNITE HERE! And TRUSTEES OF THE LAUNDRY, DRY CLEANING WORKERS AND ALLIED INDUSTRIES RETIREMENT FUND, UNITE HERE! <br><br> Plaintiffs, <br><br> against <br><br> B&M LINEN CORP. D/B/A MIRON & SONS LINEN SUPPLY A/K/A MIRON & SONS LINEN, INC., <br><br> Defendant. | 07 CIV 6999 (DLC) <br><br> **ANSWER** |

Defendant, B&M Linen Corp., D/B/A Miron & Sons Linen Service (the "Defendant"), by its attorneys, Pryor Cashman LLP, answers the Complaint herein as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Denies the allegations set forth in Paragraph 2 of the Complaint.

3. Denies the allegations set forth in Paragraph 3 of the Complaint.

531616

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Denies the allegations set forth in Paragraph 6 of the Complaint, in that Defendant is not located at 310 Walton Avenue, Bronx, New York 10451.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Denies the allegations in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint Defendant, repeats its responses in Paragraphs 1 through 8 as if fully set forth herein.

10. Denies the allegations set forth in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 11 as if fully set forth herein.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Denies the allegations in the Complaint's "wherefore" clause.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

16. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or administrative filing periods.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred by the doctrine of *Laches*.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred by the doctrine of unjust enrichment because Defendant has continued to make contributions to the Fund while its employees are continually denied benefits.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. The Plaintiff released the claims set forth herein in a settlement agreement dated February 7, 2004.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. By letter dated August 9, 2007, Plaintiff agreed to not pursue the instant action if Defendant agreed to an audit, which if did by letter dated August 15, 2007. This actions constitutes a breach of the contract formed by the August 9th and 15th letters.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

23. Plaintiff's instant action is a violation of Paragraph 12 of a Settlement Agreement between Plaintiffs and Defendant, dated March 20, 2003, which states that while said agreement is in effect, the "Fund will refrain from continuing or commencing any proceeding against the Company."

Dated: New York, New York  Respectfully Submitted,
September 5, 2007

PRYOR CASHMAN LLP

By: _____
Joshua Zuckerberg, Esq.
Attorneys for Defendant
410 Park Avenue, 10th Floor
New York, New York 10022-4441
Tel.: 212-421-4100

To:

David C. Sapp, Esq.
Unite Here Fund Administrators, Inc.
730 Broadway
New York, NY 10003

302336                                        4